## *STORER ET AL. v. CITY OF CINCINNATI.

1. SIGNING PETITION FOR AN IMPROVEMENT NOT AN ESTOPPEL.

Where an abutting owner of property signs a petition for the improvement of a street and for the payment of the cost thereof by an assessment on the abutting property, but such petition is not subscribed by three-fourths in interest of the abutting owners, such signer is not estopped from claiming that his assessment shall not exceed 25 per centum of the value of his property. He is not estopped by reason of the fact that he signed such petition.

2. PETITIONERS ARE ESTOPPED BY RATE STATED IN NOTICE.

Where a municipality made an estimate of the probable cost of the improvement, and the signer of the petition had notice of what the council proposed should be assessed, the rate of assessment being given in the notice, and council entered into a contract to make the improvement, without objection by such signer, he is assessable for the full cost of the improvement, not exceeding the rate given in the notice.

ERROR to the Court of Common Pleas of Hamilton county.

The common council of the city of Cincinnati, on March 31, 1884, passed a resolution declaring it necessary to improve Hart street between certain termini by grading, etc., "the expense of said improvement" to be assessed upon the abutting property. Attached to said resolution was "an approximate estimate of the cost of improvement," showing the estimated cost to be $8.96 per foot. Said estimate comprised only items entering into the construction of the improvement, such as the grading, curbing, etc., and made no mention of "damages," anticipated from the change of the grade on the street.

After the passage of said resolution, notices were served upon plaintiffs, advising them of the contemplated improvement. On the bottom of each notice were the words: "Assessment rate $8.96 per foot," put there by the notice clerk of the engineer's department, and without the authority from any superior board or officer.

On February 27, 1885, said common council passed an ordinance to make said improvement, making the same provision as to the assessment as in said resolution and requiring the claims for damages that had been filed, to be inquired into and determined before the work was commenced. In said ordinance and in said resolution no specific determination was made to include the damages in the assessment.

Suit was then instituted by the city to determine the amount of damages, and the sum of $42,600.00 in the aggregate was awarded to the claimants.

Proposals were then had for the doing of the work, and in accordance with a resolution passed by council for the purpose (which resolution had the same estimated cost attached to it as the improvement resolution), on August 30, 1886, the board of public affairs of said city entered into a contract for the making of said improvement.

On September 16, 1886, said board passed an ordinance, assessing the sum of $13.88 on each front foot of the abutting property, which included the "damages" amounting to $5.15 per foot of the assessment, the remainder being for "cost of construction."

---

* This judgment was affirmed by the supreme court, without report, October 28, 1890. Spear, J., dissented from judgment dismissing cross-petition of defendants in error.

For common pleas decision see 10 Ohio Dec. R., 000 (s. c. 21 B., 62).

Prior to any of the foregoing legislation by said common councils, a petition was presented to the board of public works, signed by all of plaintiffs, asking for said improvement and that the total cost thereof be assessed in ten annual installments with interest, etc. Said petition, however, was not signed by three-fourths in interest of the abutting owners, and did not purport on its face to be. Less than half of the property was represented on said petition, which fact was duly ascertained by the city authorities, on examination, before any steps were taken toward said improvement.

The petition of the plaintiff in this cause does not undertake to resist the assessment *in toto*, but endeavors to reduce it, on the three following grounds:

First—The assessment as levied is in excess of the cost per foot, and to the extent of such excess ($4.92 per foot) is illegal and void.

Second—The "damages" (5.15 per foot) were improperly included in the assessment, because not comprised in the "estimate," and not contemplated in the improvement resolution and ordinance to be assessed upon the abutters.

Third—The assessment levied is in excess of 25 per centum of the tax value of the abutting property, that being the limitation in force at the time of the passage of the improvement ordinance.

The city answered, that the "cost of construction" of the improvement did not exceed the estimate transmitted to council; and that the "damages" were capable of estimation at that time, and not required by law to be included in the estimate. The answer further set up the petition to the board of public works, signed by plaintiffs, and claimed estopped, by reason thereof, against the 25 per cent. limitation above mentioned.

The petition of plaintiffs was filed in the common pleas court on August 9, 1888.

SWING, J.

In our judgment the city should be enjoined from collecting from the plaintiffs all assessments in excess of the amount of $8.96 per front foot, which was the estimated cost of the improvement, provided that the amount, as finally assessed, is not in excess of 25 per cent. of the value of any piece of property as assessed for taxation.

Council had authority to levy an assessment to any amount not exceeding 25 per cent. of the value of property so assessed for taxation, and no more, under the facts as they exist in this case. There was no pretense that there was the necessary number of petitioners, which would authorize an amount greater than 25 per cent. to be assessed. And as to this assessment, so far as it is in excess of 25 per cent. of the value of the property as it appears for taxation, it can not be collected except where parties by their acts should be estopped. And we think these parties who signed this petition and had notice of what council proposed should be assessed against the property, should be estopped. They are not estopped by reason of the fact that they signed the petition; they had the right to assume that council would act according to law, and that would be, that the assessment was not to be in excess of 25 per cent. of the value of the property as assessed for taxation. And the resolution of council was that it should be in accordance with the laws regulating assessments, that is, not in excess of the 25 per cent. But it further appeared in evidence that these property owners were notified previous to the time when the city had obligated itself by contract to build this improvement, that the assessment was to be by the front foot on the abutting property, and was to be nearly $9.00 per front foot. They had the right then to enjoin any further proceedings. Council had exceeded its powers, and no court would have denied them a remedy. But they, without objection, permitted council to go on and contract to make the improvement. Fully knowing that council expected to assess them that amount, it is too late now for them to ask for an injunction.

But as to the amount in excess of this $8.96 per front foot, the same reasons do not apply. In the first place, it has not yet appeared that these property owners had notice of the extra assessment up to $13.88 per front foot. But even if they had, we don't see why these reasons should apply. When the contract was executed with McErlane, which was August 30, 1886, and when the right of the city and the contractor was fixed, and after which the taxpayer would have had no right to enjoin the further proceedings of the work as we believe, these taxpayers had a right to assume that the amount to be levied against the property was $8.96 per front foot. This was the estimated cost of the improvement, and was the amount which they were notified would be the amount, and they had the right to assume that it would not be more.

After the contract was approved, then the extra amount which was to cover the damages, was assessed, to-wit: September 16, 1886. And as said before, we see no principle of estoppel, which would apply to the amount over the $8.96 per front foot.

We think the answer in this case should be amended, and these facts, which we have mentioned as constituting an estoppel, should be pleaded in accordance with the rule as laid down in the case of Tone v. Columbus, 39 O. S., 281.

When this is done, a decree should be entered in accordance with this decision.

† The case of Ryan v. City of Cincinnati being the same in principle, the same entry should be made as in this.

F. C. Ampt, for Storer.

Horstman & Haddens, *contra.*

---

## CONSTRUCTION OF A DEVISE. 284

[Butler Circuit Court, October Term, 1889.]

Swing, Cox and Smith, JJ.

